UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| INDIANA REGIONAL COUNCIL OF ) <br> CARPENTERS PENSION TRUST FUND, ) <br> a/k/a NORTHWEST INDIANA ) <br> REGIONAL COUNCIL OF ) <br> CARPENTERS PENSION TRUST FUND, ) <br>       Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FIDELITY & DEPOSIT COMPANY OF ) <br> MARYLAND, ) <br>       Defendant. ) | CAUSE NO.: 2:06-CV-32-PPS-PRC |

**OPINION and ORDER**

This matter is before the Court on a Motion of Plaintiff Fund to Strike Portions of Defendant's Answer and Affirmative Defenses [DE 16], filed by the Plaintiff on April 1, 2006. On April 17, 2006, the Defendant filed its Response to Plaintiff's Motion to Strike. On April 24, 2006, the Plaintiff filed its Reply Brief of Plaintiff Fund in Support of Motion to Strike Portions of Defendant's Answer and Affirmative Defenses.

**BACKGROUND**

On January 27, 2006, the Plaintiff filed its Complaint against the Defendant arising out of certain fidelity bonds purchased by the Plaintiff from the Defendant that allegedly provided insurance against loss caused by dishonest or fraudulent acts by any of the Plaintiff's trustees. According to its Complaint, the Plaintiff lost several million dollars when one of its trustees accepted bribes and caused it to invest sums of money in a real estate development which greatly exceeded the fair market value of the investment. The Plaintiff sued the Defendant arguing that the fidelity bonds issued by the Defendant covered the losses. The Defendant denies coverage.

In the instant Motion, the Plaintiff requests that the Court strike portions of the Defendant's

Answer in which: (1) the Defendant avers that a document "speaks for itself"[1]; (2) the Defendant fails to directly admit or deny allegations that a specific exhibit to the Complaint is a "true and accurate copy"[2]; and (3) the Defendant limits its admissions or denials to the "material allegations" of the Complaint rather than to all of the allegations.[3]  Further, the Plaintiff also seeks to strike the Defendant's First, Third, Fourth, Sixth, Seventh, and Eighth Affirmative Defenses as "bare-bones, conclusory pleading."  In response to the Plaintiff's request to strike portions of the Answer, the Defendant argues that (1) its answers were filed in compliance with the Federal Rules of Civil Procedure, and (2) it attempted in good faith to "decipher, understand and respond" to each allegation in the Plaintiff's Complaint.  In response to the Plaintiff's request to strike certain Affirmative Defenses, the Defendant argues that it need not disclose all information that is available through the course of discovery in its initial pleading of affirmative defenses.  The Court will address the sufficiency of responses in the Defendant's Answer and the Affirmative Defenses in turn.

**ANALYSIS**

*I.     Sufficiency of responses in the Defendant's Answer*

Federal Rule of Civil Procedure 8(b) provides,

> A party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. If a party is without knowledge or information sufficient to form a belief as to the truth of an averment, the party shall so state and this has the effect of a denial. Denials shall fairly meet the substance of the averments denied. When a pleader intends in good faith to deny only a part or a qualification of

---

[1] *See* Ans. ¶¶ 6-9, 21, 26, 29-31, 34-35, 39-40, 42.

[2] *See* Ans. ¶¶ 6, 8, 21, 29, 34, 39-40, 42.

[3] *See* Ans. ¶¶ 1, 3-11, 13, 17, 20-24, 16-29, 32-34, 36-41, 44-46, 48-52.

2

> an averment, the pleader shall specify so much of it as is true and material and shall deny only the remainder. Unless the pleader intends in good faith to controvert all the averments of the preceding pleading, the pleader may make denials as specific denials of designated averments or paragraphs or may generally deny all the averments except such designated averments or paragraphs as the pleader expressly admits; but, when the pleader does so intend to controvert all its averments, including averments of the grounds upon which the court's jurisdiction depends, the pleader may do so by general denial subject to the obligations set forth in Rule 11.

Fed.R.Civ.P. 8(b). On its face, Rule 8(b) requires a defendant to plead one of three alternatives in response to all of the allegations in a complaint, including attached documents or exhibits.

*1. "Speaks for itself"*

The Plaintiff seeks to strike and order the Defendant to re-plead as to specific paragraphs in the Defendant's Answer in which the Defendant responds that various documents, submitted as exhibits to the Complaint or referred to in the Complaint but not attached to the Complaint, "speak" for themselves. The Defendant responds that it has adequately pled in response to the various documents, and the Defendant further argues that by responding that a document "speaks for itself", it therefore denied the allegations made by the Plaintiff.[4]

Courts have expressly held that a response indicating that a document "speaks for itself" is insufficient under the Federal Rules. *See Banske v. Tarka*, No. 02-C-7359, 2003 WL 23149, at *1 (N.D. Ill. Jan. 2, 2003) (providing that several assertions in the Answer that a document "speaks for itself" "are also not permissible responses"); *State Farm Mut. Auto. Ins. Co. v. Riley*, 199 F.R.D. 276, 279 (N.D. Ill. 2001) (providing that a party may not respond to complaint allegations about contents of document by saying that the "document speaks for itself"); *Donnelly v. Frank Shirey*

---

[4] The Court disagrees with the Defendant's contention that its response that a document "speaks for itself" somehow impliedly qualifies as a denial under Rule 8.

3

*Cadillac, Inc.*, No. 05-C-3520, 2005 WL 2445902, at *1 (N.D. Ill. Sept. 29, 2005) (same).

After careful review of the disputed paragraphs, the Court finds that the Defendant's numerous responses that a document "speaks for itself" fail to comply with Rule 8(b). Accordingly, the Court will order the Defendant to amend its Answer and properly plead, according to Rule 8(b), with regard to documents and exhibits referenced in and attached to the Plaintiff's Complaint in ¶¶ 6, 7, 8, 9, 21, 26, 29, 34, 39, 40, and 42, as well as documents referenced in but not attached to the Plaintiff's Complaint in ¶¶ 30 and 31.

### 2.    *Failure to admit or deny specific exhibits*

The Plaintiff seeks to strike and order the Defendant to re-plead as to specific paragraphs in the Defendant's Answer in which, according to the Plaintiff, the Defendant failed to directly respond to allegations in the Complaint that certain exhibits are "true and accurate copies" of the document described. The Defendant responds that it knows of no Federal Rule of Civil Procedure that requires it to answer as to whether an exhibit attached to a complaint is a true and accurate copy. Further, the Defendant argues that it complied with Rule 8(b) and denied the allegations.

As noted above, Rule 8(b) provides that a "[a] party shall state in short and plain terms the party's defenses to each claim asserted and *shall admit or deny the averments upon which the adverse party relies*." Fed.R.Civ.P. 8(b) (emphasis added). Here, the Plaintiff attached eleven (11) exhibits to its Complaint, which it relies on with regard to various allegations in its Complaint.[5] Accordingly, the Court will order the Defendant to amend its Answer and properly and specifically plead, according to Rule 8(b), as to whether the exhibits referenced and attached to the Plaintiff's Complaint in ¶¶ 6, 8, 21, 29, 34, 39, 40, and 42, are "true and correct" copies of the respective

---

[5]While the Defendant argues that it responded in compliance with Rule 8(b) as to the disputed paragraphs containing references to "true and correct" copies of certain exhibits, the Court finds that Defendant's purported responses were insufficient.

described documents.

### 3. *"Material allegations"*

The Plaintiff seeks to strike and order the Defendant to re-plead as to specific paragraphs in the Defendant's Answer in which the Defendant either admitted or denied "material allegations" to the corresponding paragraph in the Plaintiff's Complaint. The Plaintiff argues that the Defendant must respond to all allegations in the Complaint, not just those allegations that the Defendant considers to qualify as "material." In response, the Defendant offers two reasons as to why it responded to the "material allegations" in the Plaintiff's Complaint: (1) counsel for the Defendant has used the phrase material allegations, "a term of art", in other answers and it has never been questioned by an opposing party; and (2) because of the "factually dense nature" of the Plaintiff's Complaint, the Defendant attempted to "break apart each paragraph and admit the portions of each paragraph that it could."

The Court finds neither of the Defendant's purported reasons persuasive. The Defendant fails to cite any case law or Federal Rule in support of its pleading responses. The Court finds that the Defendant's responses as to "material allegations" contained in a specific paragraph fail to provide adequate substantive guidance to the Plaintiff as to the Defendant's position on the allegations in that respective paragraph. For example, ¶ 3 of the Plaintiff's Complaint provides that "[the Defendant] is a corporation organized under the laws of the state of Maryland, with its principal place of business in Maryland." The Defendant responds that "[it] admits the material allegations contained within paragraph 3." This cryptic answer begs the question: according to the Defendant, what allegations are material in ¶ 3?

Rule 8(b) provides that "[a] party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies."

5

Fed.R.Civ.P. (8)(b). Accordingly, the Court will order the Defendant to amend its Answer and properly and specifically plead, according to Rule 8(b), as to *all* of the allegations contained in ¶¶ 1, 3-11, 13, 17, 20-24, 16-29, 32-34, 36-41, 44-46, 48-52 in the Plaintiff's Complaint.

II.     *Affirmative defenses*

Federal Rule of Civil Procedure 12(f), which governs a motion to strike, provides, in relevant part, that "upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court *may* order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f) (emphasis added). "Because such a motion can be a vehicle for delay, it is generally not favored, is viewed as a "drastic" remedy, and is infrequently granted." *Midland Nat'l. Life Ins. Co. v. Ash Financial Holdings Group, Inc.*, No. 1:06-CV-00066, 2006 WL 2290912, at *1 (N.D. Ind. Aug. 8, 2006) (citations omitted). Ordinarily, affirmative defenses will be stricken only when they are insufficient on the face of the pleadings. *See Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir.1991) (quoting *Heller Fin., Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286, 1294 (7th Cir. 1989)). In other words, affirmative defenses will not be stricken "if they are sufficient as a matter of law or if they present questions of law or fact." *Spearman v. Tom Wood Pontiac-GMC, Inc.*, Bo. IP-00-1340-C-T/G, 2000 WL 33125463, at *1 (S.D. Ind. Dec. 22, 2000) (citing *Heller Fin.*, 883 F.2d at 1294). "The decision whether to strike material under Rule 12(f) is within the discretion of the district court." *Midland Nat'l. Life Ins. Co.*, 2006 WL 2290912, at *1 (citing *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir.1992)).

The Plaintiff seeks to strike the Defendant's First, Third, Fourth, Sixth, Seventh, and Eighth Affirmative Defenses as "bare-bones, conclusory pleading" and thus insufficient under Federal

Rules of Civil Procedure 8 and 9.[6]  With regard to the Defendant's First, Second, Seventh, and Eighth Affirmative Defenses, the Plaintiff argues that the Defendant failed to provide adequate notice under the Federal Rules.  With regard to the Defendant's Fourth and Sixth Affirmative Defenses, the Plaintiff argues that the Defendant failed to specify the alleged conduct and "terms and conditions" breached by the Plaintiff, respectively, supporting the underlying affirmative defense.  In response to the Plaintiff's arguments as to each affirmative defense, the Defendant argues that it is not required by any Court rule or the Federal Rules of Civil Procedure to support each of its affirmative defenses with "a full blown factual description in a like manner to how Plaintiff chose to draft its [C]omplaint... ."

     *1. Defendant's First, Third, Seventh, and Eighth Affirmative Defenses*

With regard to the Defendant's First, Third, Seventh, and Eighth Affirmative Defenses, in which the Defendant pleads failure to state claim upon which can be granted, laches, unclean hands, and recoupment as affirmative defenses, respectively, the Court finds that the Defendant's short and plain statements of its Affirmative Defenses satisfies the pleading standard in Rule 8(c) by providing the Plaintiff with notice of its respective defenses.  *See Williams v. Lampe*, 399 F.3d 867, 871 (7th Cir. 2005) (citing *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 350 (1971)) (providing that "[t]he purpose of Rule 8(c) is to give the opposing party notice of the affirmative

---

[6]The First Affirmative Defenses provides: "Plaintiff's Complaint fails to state a claim upon which relief may be granted."  The Third Affirmative Defense provides: "Plaintiff's claims are barred by the equitable doctrine of laches."  The Fourth Affirmative Defense provides: "Plaintiff's claims are barred, in whole or in part, by the acts and omissions of Plaintiff and Plaintiff's agents and representatives."  The Sixth Affirmative Defense provides: "Plaintiff's claims are barred for failure to comply with the terms and conditions of the Bonds."  The Seventh Affirmative Defense provides: "Plaintiff's claims are barred by the doctrine of unclean hands."  The Eighth Affirmative Defense provides: "Plaintiff's claims should be reduced and/or set-off based on the doctrine of set-off and/or recoupment."

defense and a chance to rebut it"); *Lincoln Nat. Corp. v. Steadfast Ins. Co.*, No. 1:06-CV-00058, 2006 WL 1660591, at *2 (N.D. Ind. June 9, 2006) (providing that "[o]f course, the primary purpose of Rule 8(c), which addresses affirmative defenses, is to give the plaintiff notice of issues the defendant will raise in the case..."); *see also* 5 The Late Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1274 (3d ed. 2006) (providing that "an affirmative defense may be pleaded in general terms and will be held to be sufficient, and therefore invulnerable to a motion to strike, as long as it gives the plaintiff fair notice of the nature of the defense").  Accordingly, the Court will deny the Plaintiff's Motion as to the Defendant's First, Third, Seventh, and Eighth Affirmative Defenses.

        *2.*      *Defendant's Fourth Affirmative Defense*

The Defendant's Fourth Affirmative Defense provides as follows: "Plaintiff's claims are barred, in whole or in part, by the acts and omissions of Plaintiff and Plaintiff's agents and representatives."  The Plaintiff argues that the Defendant's Fourth Affirmative Defense is insufficient because it fails to identify the allegedly conduct supporting this affirmative defense.

The Court agrees.  The Defendant failed to identify or specify in any way the alleged "acts or omissions" on behalf of the Plaintiff.  Rule 9(b) requires that "the circumstances constituting fraud or mistake shall be stated with particularity."  Fed.R.Civ.P. 9(b).  The Court finds that the Defendant's Fourth Affirmative Defense cryptically refers to alleged fraudulent misconduct on behalf of the Plaintiff, but fails to provide any other substantive guidance.  Accordingly, the Court finds that the Defendant failed to provide "notice" to the Plaintiff as to its Fourth Affirmative Defense and thus the Defendant failed to comply with Rule 8(c).  Accordingly, the Court will grant the Plaintiff's Motion as to the Defendant's Fourth Affirmative Defense.

        *3.*      *Defendant's Sixth Affirmative Defense*

The Defendant's Sixth Affirmative Defense provides as follows: "Plaintiff's claims are barred for failure to comply with the terms and conditions of the Bonds." The Plaintiff argues that the Defendant's Sixth Affirmative Defense is insufficient because it fails to specify the "terms and conditions" that the Plaintiff allegedly breached.

Again, the Court agrees. Rule 9(c) provides, in relevant part, that "[a] denial of performance or occurrence shall be made specifically and with particularity." Fed.R.Civ.P. 9(c). The Court finds that the Defendant's Sixth Affirmative Defense alleging that the Plaintiff failed to comply with certain terms and conditions of "the Bonds" lacks the specificity and particularity under Rule 9. Accordingly, the Court will grant the Plaintiff's Motion to Strike as to the Defendant's Sixth Affirmative Defense.[7]

## CONCLUSION

Having considered the Motion and applying the relevant standards, the Court now **GRANTS IN PART and DENIES IN PART** the Motion of Plaintiff Fund to Strike Portions of Defendant's Answer and Affirmative Defenses [DE 16]. The Court **GRANTS** the Motion to the extent that the Plaintiff seeks an order from the Court instructing the Defendant to re-plead certain portions of its Answer. Accordingly, the Court **ORDERS** the following: (1) the Defendant **SHALL AMEND** its Answer and properly plead, according to Rule 8(b), with regard to documents and exhibits referenced in and attached to the Plaintiff's Complaint in ¶¶ 6, 7, 8, 9, 21, 26, 29, 34, 39, 40, and 42, as well as documents referenced in but not attached to the Plaintiff's Complaint in ¶¶ 30 and 31; (2) the Defendant **SHALL AMEND** its Answer and properly and specifically plead, according to Rule 8(b), as to whether the exhibits referenced and attached to the Plaintiff's Complaint in ¶¶ 6, 8, 21,

---

[7] In response to the Plaintiff's Motion as to its Fourth and Sixth Affirmative Defenses, the Defendant fails to cite any case law from any jurisdiction in support of its pleadings.

29, 34, 39, 40, and 42, are "true and correct" copies of the respective described documents; and (3) the Defendant **SHALL AMEND** its Answer and properly and specifically plead, according to Rule 8(b), as to *all* of the allegations contained in ¶¶ 1, 3-11, 13, 17, 20-24, 16-29, 32-34, 36-41, 44-46, 48-52 in the Plaintiff's Complaint.  The Court further **GRANTS** the Motion to the extent that the Plaintiff seeks an order striking the Defendant's Fourth and Sixth Affirmative Defenses.  The Court **DENIES** the Motion to the extent that the Plaintiff seeks an order striking the Defendant's First, Third, Seventh, and Eighth Affirmative Defenses.

SO ORDERED this 9th day of November, 2006.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT

cc:  All counsel of record